# In the United States Court of Federal Claims

No. 20-1121C

(Filed: December 7, 2020)

(NOT TO BE PUBLISHED)

|  |  |
|---|---|
| **STEPHEN DURR**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **UNITED STATES**, | ) |
| | ) |
| Defendant. | ) |

Stephen Durr, *pro se*, Chicago, Illinois.

Kelly A. Krystyniak, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With her on the briefs were Jeffrey Bossert Clark, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, Douglas K. Mickle, Assistant Director, United States Department of Justice, Washington, D.C., and Michelle D.D. Bernstein, Staff Attorney, Office of General Counsel, Department of Veterans Affairs, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Senior Judge.

Stephen Durr has sued the United States, seeking damages for alleged violations of federal law and the Fourteenth Amendment of the Constitution.  *See* Compl. at 12, ECF No. 1.  Mr. Durr asserts that the United States Department of Veterans Affairs ("the VA") is liable for failing to adjudicate his applications for vocational rehabilitation benefits.  *See* Compl. at 12.  Pending before the court is the United States' ("the government") motion to dismiss.  *See* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 11.  The motion has been fully briefed.  *See* Pl.'s Resp. to Def.'s Mot. ("Pl.'s Resp."), ECF No. 15; Def.'s Reply to Pl.'s Resp. ("Def.'s Reply"), ECF No. 16.  Because Mr. Durr has failed to establish jurisdiction by a preponderance of the evidence, the government's motion to dismiss is GRANTED and Mr. Durr's claim is DISMISSED.

## BACKGROUND[1]

Mr. Durr enlisted in the Army on July 6, 1989.  Def.'s Mot. App. at 2.[2]  In January of 1993, after hearing voices and suffering from paranoia, Mr. Durr received medical treatment and was placed on the Temporary Disability Retired List ("TDRL").  *Id.*  On June 13, 1994, the Medical Evaluation Board recommended that Mr. Durr remain on the TDRL, as he continued to suffer from auditory hallucinations and paranoia.  *Id.* at 2-3.  On August 5, 1994, an informal Physical Evaluation Board ("PEB") rated Mr. Durr's disability "at 10 percent and recommended his separation with disability severance pay."  *Id.* at 3.  Mr. Durr was notified of the Board's decision as well as "his rights to appointed counsel and to appear before a formal PEB."  *Id.*  After Mr. Durr "concurred with the PEB's finding and recommendation," he was removed from the TDRL and discharged from the Army on September 9, 1994.  *Id.*

Mr. Durr applied for vocational rehabilitation benefits with the Department of Veterans Affairs, first in 1994 and again in 1997.  Compl. at 3-4.  He did not receive a response regarding either application.  Compl. at 3-4.  In 1999, Mr. Durr petitioned the Army Board for Correction of Military Records to change his reenlistment eligibility code, but was unsuccessful.  Def.'s Mot. App. at 3.  After repeating his request to the Board in 2011, 2014, 2015, and 2017 to no avail, *see* Def.'s Mot. at 3, Mr. Durr filed suit in this court on December 10, 2018, alleging that he was "unlawfully discharged due to an unconstitutional and discriminatory regulation."  *Durr v. United States*, No. 18-1910, slip op. at 2 (Fed. Cl. Apr. 16, 2019) (internal quotation marks omitted).  The court dismissed the complaint for lack of jurisdiction, noting that "because [Mr. Durr] brought these claims more than six years after they accrued, they are time barred."  *Id.* at 3 (footnote omitted).

Mr. Durr filed in this court again on August 18, 2020, alleging that the VA violated federal law and the Fourteenth Amendment of the Constitution in failing to adjudicate his 1994 and 1997 applications for vocational rehabilitation benefits.  Compl. at 12.  He asserts that as a result of the VA's alleged inaction, he was unable to obtain gainful employment or begin a career in law, and was instead incarcerated for periods of time from 2003 to 2018.  Compl. at 7-11.  Mr. Durr seeks $15,000,000 in compensatory damages and $29,000,000 in punitive damages.[3]  Compl. at 15.

---

[1] The recitations that follow do not constitute findings of fact, but rather are recitals attendant to the pending motions and reflect matters drawn from the complaint, the parties' briefs, and records and documents appended to the complaint and briefs.

[2] The government attached as an appendix to its motion the Record of Proceedings held on October 28, 2014 by the Army Board for Correction of Military Records.  When ruling on a motion to dismiss, the court may consider documents outside the pleadings in determining whether jurisdiction exists.  *See Fredericksberg Non-Profit Hous. Corp. v. United States*, 113 Fed. Cl. 244, 252 (2013) (citing *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991)), *aff'd*, 579 Fed. Appx. 1004 (Fed. Cir. 2014).

[3] On October 26, 2020, Mr. Durr filed a motion to transfer the case to the Board of Veterans' Appeals.  *See* ECF No. 13.  Seven days later, Mr. Durr filed another motion, this time

## STANDARDS FOR DECISION

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to raise a claim under a money-mandating provision, this court "should . . . [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee County v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

As plaintiff, Mr. Durr must establish jurisdiction by a preponderance of the evidence. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[4] When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514

---

to withdraw his motion to transfer. *See* ECF No. 14. If a court lacks subject matter jurisdiction over a civil complaint, the court shall, "if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631.

The Board of Veterans' Appeals "is a part of the Department of Veterans Affairs" with the "mission of providing hearings and deciding appeals." U.S. Department of Veterans Affairs, Board of Veterans' Appeals, https://www.bva.va.gov/. The Board is not a federal "court" under the transfer statute. 28 U.S.C. § 610; *see also Coleman v. United States*, No. 13-431, 2014 WL 949984, at *4 (Fed. Cl. Mar. 7, 2014) ("[T]he Board is not a court for purposes of the transfer provision and the Federal Circuit lacks jurisdiction over appeals from a regional VA office pursuant to 28 U.S.C. § 7292. Thus, a transfer to [the Board] cannot be ordered."). In short, the court lacks the power to transfer this case to the Board of Veterans' Appeals.

[4] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 15 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). This leniency, however, cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for *pro se* litigants only.").

(1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Furthermore, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. This six-year statute of limitations "is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed." *Dalles Irrigation Dist. v. United States*, 71 Fed. Cl. 344, 350 (2006) (quoting *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988)).

## ANALYSIS

In its motion to dismiss, the government argues that Mr. Durr's complaint "must be dismissed because his claims accrued . . . more than six years ago." Def.'s Mot. at 7. The government highlights Mr. Durr's admission that he filed his applications for vocational rehabilitation benefits in 1994 and 1997. *Id.* Mr. Durr asserts that the six-year statute of limitations does not apply to his claims because the VA has not yet adjudicated his applications. Compl. at 13. That argument is irrelevant because this court has no juridical power to address actions of the VA regarding veterans' benefits.[5] Given this prior history, Mr. Durr's claim in this court must relate to his military discharge. In that respect, "[i]n a military discharge case, . . . [the Federal Circuit] and the Court of [Federal] Claims have long held that the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (citing *Bowen v. United States*, 292 F.3d 1383, 1386 (Fed. Cir. 2002)) (additional citations omitted). Additionally, "the claim for back pay is not a 'continuing claim' that accrues each time a payment would be due throughout the period that the service member would have remained on active duty." *Id.* (citing *Longhine v. United States*, 230 Ct. Cl. 920, 922 (1982) (additional citations omitted).

To the extent Mr. Durr is making a claim for back pay here, his claim accrued when he was discharged from the Army in 1994. *See* Def.'s Mot. App. at 3. While the accrual of a claim against the United States may be suspended under the "accrual suspension" rule, this exception to the six-year statute of limitations established by 28 U.S.C. § 2501 "is 'strictly and narrowly applied . . . . [The plaintiff] must either show that defendant has concealed its acts with the result that the plaintiff was unaware of their existence or it must show that its injury was 'inherently

---

[5] "Plaintiff could have appealed the decision of the [Regional Office of the VA] to the Board [of Veterans Appeals], the decision of the Board to the [Court of Appeals for Veterans Claims], and the decision of the [Court of Appeals] to the Federal Circuit, but at no time during plaintiff's various claims and appeals did the Court of Federal Claims have jurisdiction." *Coleman*, 2014 WL 949984, at *3. Furthermore, this court would lack jurisdiction over Mr. Durr's claims that the VA violated the Fourteenth Amendment. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that claims made under the Due Process Clause or Equal Protection Clause of the Fourteenth Amendment do not constitute "a sufficient basis for jurisdiction because they do not mandate payment of money by the government").

unknowable' at the accrual date.'" *Martinez*, 333 F.3d at 1319 (quoting *Welcker v. United States*, 752 F.2d 1577, 1580 (Fed. Cir. 1985) (alteration in original)).  There is no indication that the government concealed its actions or that Mr. Durr was unaware of the Physical Evaluation Board's findings and recommendation in 1994.  Mr. Durr "concurred" with the Board after it "recommended his separation with disability severance pay." Def.'s Mot. App. at 3.  The accrual suspension rule thus does not apply.  Given that Mr. Durr's cause of action accrued more than six years ago, his claim is not cognizable in this court.

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED.  Mr. Durr's complaint shall be DISMISSED for lack of subject-matter jurisdiction.[6]  The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge

---

[6] The court GRANTS Mr. Durr's motion to withdraw his motion to transfer this case to the Board of Veterans' Appeals.